UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

| | | |
|---|---|---|
| JENNIFER BRABSON, | ) | |
| | ) | |
| Plaintiff, | ) | 2:24-CV-192 |
| | ) | |
| vs. | ) | |
| | ) | |
| JOE BIDEN, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**REPORT AND RECOMMENDATION**

Plaintiff filed a Complaint [Doc. 2] and a Motion to proceed *in forma pauperis*. [Doc. 1]. In conducting a review of Plaintiff's *in forma pauperis* application, the Court considered Plaintiff's Application to Proceed Without Prepayment of Fees and her economic status in deciding whether to grant leave to proceed *in forma pauperis*. However, in doing so, the undersigned determined that the application filed by Plaintiff was missing information, appeared to have internal inconsistencies, and lacked sufficient detail. The Court observed that Plaintiff appeared to have two residences, one in Tennessee and one in Florida, but failed to provide her addresses or the necessary information regarding those residences.[1] The Court further observed that while Plaintiff says she owns a home valued at $100,000.00, there was no way to determine where the home was located or whether it is the value of a single home or of two residences combined. Regardless of circumstances, it appeared that Plaintiff's home(s) was debt-free.

---

[1] Plaintiff asserted that "CPS has been known to retaliate" as a reason for not providing her address, however, the Court did not find that Plaintiff's asserted reason was sufficient to relieve her of the obligation to provide all of the requested information to the Court if she desired to proceed *in forma pauperis*. The Court Plaintiff may avoid disclosing this information by paying the filing fee or if she has privacy concerns, may file a motion requesting that her application to proceed *in forma pauperis* be filed under seal and provide her reasons for making the request.

As to Plaintiff's income from employment, she appeared to indicate that she was working at a YMCA located in St. Augustine, Florida, and claimed to earn $675.00 per month but stated, without explanation, that the amount of her gross income was "unavailable." At the same time, Plaintiff reported that she previously earned $50.00 per hour as a physician's assistant and earned $50.00 per hour "moonlight[ing] in music." That reported income was not consistent with the income Plaintiff claimed to be earning at the YMCA nor did she provide any explanation for why she was now earning such a reduced amount of income. Plaintiff also failed to include contact information for her employer, which the Court found to be particularly problematic given the conflicting information contained in Plaintiff's application.

Then as to her debts, Plaintiff listed $400.00 per month as a payment toward charge accounts or creditors but did not state what debt she owed. Further, she designated money that had been provided to her by her father as both a gift and a loan.

Plaintiff went on to state that her husband had a CDL license and owned his own trucking business. However, she asserted that her husband earned only $1,000.00 per month through his business without providing any financial documents in support. The Court found that monthly sum to be inconsistent with the customary income for such services.

For the above reasons, the undersigned found that Plaintiff had failed to demonstrate that she was entitled to proceed *in forma pauperis* but determined that it was appropriate for her to be given an opportunity to clarify the information contained in her filing and provide additional documentation. [Doc. 7].[2] Plaintiff was ordered to provide any additional information that she wanted the Court to consider on or before December 20, 2024, but Plaintiff has made no further

---

[2] The day after the Court enter its Order, a change of address notice submitted by Plaintiff was filed into the record [Doc. 8] and the Court then directed the Clerk's Office to send a copy of the Order to Plaintiff at her new address. The Order was sent to Plaintiff on November 27, 2024.

filings. The undersigned specifically advised Plaintiff that if she had not either provided the required documents and information or paid the filing fee by the December 20, 2024, deadline the Court would recommend denial of Plaintiff's motion and dismissal of this action, without prejudice, for failure to prosecute. Given that Plaintiff has made no further filings and has failed to pay the filing fee applicable to the action, the undersigned **RECOMMENDS** that Plaintiff's motion to proceed *in forma pauperis* be **DENIED** and that this action be **DISMISSED without prejudice** for failure to prosecute.[3]

                              **RESPECTFULLY SUBMITTED,**

                              /s/Cynthia Richardson Wyrick
                              United States Magistrate Judge

---

[3] Objections to this Report and Recommendation must be filed within 14 days after service of this recommended disposition on the objecting party. 28 U.S.C. 636(b)(1); Fed. R. Civ. P. 72(b)(2). Such objections must conform to the requirements of Fed. R. Civ. P. 72(b). Failure to file objections within the time specified waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140 (1985). The district court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive, or general. *Mira v. Marshall*, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Federation of Teachers*, 829 F.2d 1370 (6th Cir. 1987).